LILLIE SPOOR, Appellant, v. A. S. PRICE, Appellee.

No. 43713.

MARCH 16, 1937.

REHEARING DENIED JUNE 18, 1937.

Lillie Spoor, pro se.

C. H. Miller, for appellant.

Carr, Cox, Evans & Riley and Dutcher, Walker & Ries, for appellee.

MITCHELL, J.—In May of 1933 Lillie Spoor commenced this action against A. S. Price for damages, based on an alleged unlawful commitment to the State Hospital at Clarinda. It appears that A. S. Price was a member of the Insane Commission of Polk County and that in March of 1929 the commission, upon a hearing, ordered Lillie Spoor confined at the State Hospital at Clarinda. She alleges in her petition that Price acted maliciously and with wilful disregard of her rights, and seeks damages on account of loss of reputation and because of great sorrow that she has endured.

The defendant filed a demurrer, which demurrer was overruled, and the case proceeded to trial.

At the trial of the case Lillie Spoor appeared without an attorney. The distinguished and able judge who presided not only once but on several occasions cautioned and advised her to

secure a lawyer to assist her. This she did not do. At the close of the evidence, which consisted of a few questions which she asked of herself, no other witnesses being produced, and no other evidence being offered, the court sustained a motion to direct a verdict for the defendant. Eleven months thereafter she filed a petition for a new trial, in which she alleged the reason she was not represented by counsel was because of the misfortune of poverty. To this petition defendant filed a demurrer, which the court sustained. Thereafter plaintiff filed a motion to vacate the order, based again upon the sole ground that due to her financial condition she was unable to secure a lawyer at the time of the trial and that her rights had not been properly protected. The court overruled the motion to vacate the order, and plaintiff has appealed to this court.

For the first time during the long course of this litigation Lillie Spoor appeared by a lawyer, in the presentation of this case to this court. Frankly and honestly he told the court of the situation that confronted this lady, and that, while the case might apparently not be very important, yet to this lady, now advanced in years, it was all-important. And on account of his statements we have overlooked the technicalities raised in the case and have considered the whole record as presented to us.

That everyone engaged in litigation shall have his or her day in court is as old as the law itself, and judgment without such an opportunity lacks all of the attributes of justice. The lower court did everything in his power to protect the appellant's rights. Time and again he cautioned and urged her to secure an attorney to assist her in the trial of her case. This she did not do. Upon the record presented, which shows that she was the only witness, the lower court had no other alternative than to direct a verdict.

The misfortune which the appellant complains of is that of poverty. That it is a misfortune one will not deny, but it is not such a showing that would under the statute entitle her to have vacated a judgment entered, after a trial.

Altho this decision is a final legal adjudication of her rights, we would have the appellant know that it is in no sense a reflection upon the honesty of the claim she asserted. We sympathize with this lady and hope that the filing of this opinion will banish from her mind the thoughts that have apparently tortured her thru the years that this litigation has been pending.

364

It therefore follows that the decree and judgment of the lower court must be, and it is hereby, affirmed.—Affirmed.

RICHARDS, C. J., and all Justices concur.